**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
MICHAEL A. JONES,             :
                              :  Civil Action No. 10-3220 (JBS)
         Plaintiff,           :
                              :
    v.                        :      **O P I N I O N**
                              :
VINELAND POLICE DEPARTMENT,   :
                              :
         Defendant.           :
_____:

**APPEARANCES:**

Michael A. Jones, Pro Se
71748
Cumberland County Correctional Facility
54 West Broad Street
Bridgeton, NJ 08302

**SIMANDLE, District Judge**

Plaintiff, Michael A. Jones, currently confined at the Cumberland County Correctional Facility, Bridgeton, New Jersey, seeks to bring this action alleging violations of his constitutional rights in forma pauperis, without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff seeks to sue the Vineland Police Department.  He states that on March 30, 2010, he was engaged in a "high-speed chase at excessive speeds" with officers from the Vineland Police Department.  Plaintiff contends that due to the negligence of the officers, Plaintiff was involved in an accident with another car, killing a person, and hurting himself.

He asks for monetary relief, asserting that the defendants should have taken measures to ensure the safety of the community.

## DISCUSSION

**A.   Standard for *Sua Sponte* Dismissal**

A district court is required to review a complaint in a civil action where the litigant is proceeding in forma pauperis. Specifically, the court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Accordingly, because plaintiff is proceeding in forma pauperis in this matter, this

action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Recently, the Supreme Court revised the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights. See id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

<u>Iqbal</u>, 129 S. Ct. at 1949-1950 (citations omitted).

> The Court further explained that:
>
> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] that applied to federal complaints before Twombly. See Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at

---

[1] In Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

>      1949-50]. Second, a District Court must then determine
>      whether the facts alleged in the complaint are
>      sufficient to show that the plaintiff has a "plausible
>      claim for relief." [Id.] In other words, a complaint
>      must do more than allege the plaintiff's entitlement to
>      relief. A complaint has to "show" such an entitlement
>      with its facts. See Phillips, 515 F.3d at 234-35. As
>      the Supreme Court instructed in Iqbal, "[w]here the
>      well-pleaded facts do not permit the court to infer
>      more than the mere possibility of misconduct, the
>      complaint has alleged-but it has not 'show[n]'-'that
>      the pleader is entitled to relief.'" Iqbal, [129 S.
>      Ct. at 1949-50]. This "plausibility" determination
>      will be "a context-specific task that requires the
>      reviewing court to draw on its judicial experience and
>      common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

>      Every person who, under color of any statute,
>      ordinance, regulation, custom, or usage, of any State
>      or Territory ... subjects, or causes to be subjected,

> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C.  Plantiff's Claim

It is unclear under what provision of the Constitution Plaintiff wishes to proceed with this case.  Liberally construing the complaint, Plaintiff's claim that the officers should have "taken the proper measures to assure safety in the community under extreme circumstances," (Complt., ¶ 6), will be construed as an excessive force claim, and a due process claim.

#### 1.  Police Department as Sole Defendant

To begin, Plaintiff sues Vineland Police Department as the sole defendant.  However, a police department is not a "person" that may be found liable under § 1983 pursuant to Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Petaway v. City of New Haven Police Dept., 541 F. Supp.2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge

Police Dept., 832 F.Supp. 808, 825-26 (D.N.J. 1993). Even if this Court were to construe this defendant to be the municipal entity, the City of Vineland,[2] the claim would fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Moreover, "a single incident of police misbehavior by a single policeman is insufficient as sole support for an inference that a municipal policy or custom caused the incident." Brown v. City of Pittsburgh, 586 F.3d 263, 292 (3d Cir. 2009) (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 832 (1985) (Brennan, J., concurring).

In this complaint, Plaintiff does not assert facts showing that the allegedly excessive force or due process violation resulted from the execution of a custom or policy of the City of

---

[2] See Hafer v. Melo, 502 U.S. 21, 25 (1991) (section 1983 suit against a governmental officer in official capacity represents another way of pleading an action against the entity of which the officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action against city's director of police department as an action against the city where the city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

Vineland.  This Court will accordingly dismiss the claims against the Vineland Police Department for failure to state a claim upon which relief may be granted.

    2.   <u>Excessive Force</u>

However, to address Plaintiff's claims more fully, if Plaintiff had named the individual officer(s) involved in the incident as defendant, his complaint would remain dismissible for failure to state a claim.

A claim of "excessive force in the course of making [a] ... 'seizure' of [the] person ... [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." <u>Scott v.. Harris</u>, 550 U.S. 372, 381 (2007) (quoting <u>Graham v. Connor</u>, 490 U.S. 386, 388 (1989)).  In deciding whether the challenged seizure constitutes excessive force, a court must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Couden v. Duffy</u>, 446 F.3d 483, 496-97 (3d Cir. 2006) (quoting <u>Graham</u>, 490 U.S. at 396)).  Further, "[c]ulpability is relevant ... to the reasonableness of the seizure-to whether preventing possible harm to the innocent justifies exposing to possible harm the person threatening them." <u>Scott</u>, 550 U.S. at 384 n.10.  Significantly, in <u>Scott v. Harris</u>, the Supreme Court ruled that "[a] police officer's attempt to

9

terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." Scott, 550 S.Ct. at 386.

The complaint, as written, does not provide sufficient facts to show that any officers used force in excess of what was reasonable under the circumstances. It appears from the complaint that Plaintiff was actively resisting arrest or attempting to evade arrest by flight. Because the facts alleged in the complaint are not sufficient to show that Plaintiff has a plausible claim for relief against any particular officers, in light of the definition of "plausibility" provided in Iqbal, this Court finds that the complaint, as written would also be dismissible if it named particular officers involved in the incident, again supporting this Court's finding that the complaint should be dismissed.

    3.   Due Process Clause

Liberally construing the complaint to assert a due process violation, Plaintiff's complaint also fails to state a claim. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In County of Sacramento v. Lewis, the Supreme Court established a standard for liability for claims brought for violation of a

plaintiff's substantive due process rights under the Fourteenth Amendment.  523 U.S. 833, 854 (1998).  In Lewis, a county sheriff's deputy was returning to his patrol car after responding to a call when he observed a motorcycle containing a driver and passenger approaching at high speed.  See id. at 837.  After attempting to stop the motorcycle, the sheriff's deputy switched on his emergency lights and siren and began a high-speed pursuit.  See id.  The chase ended after the motorcycle tipped over as the driver attempted a sharp turn.  See id.  The deputy slammed on his brakes, but his car skidded into the motorcycle's passenger, causing massive injuries and his death.  See id.  The motorcycle's passenger's family brought an action under Section 1983 against the sheriff's deputy, alleging a deprivation of the passenger's Fourteenth Amendment substantive due process right to life.  See id.

    In reversing the Ninth Circuit Court of Appeals, the Supreme Court held that in a due process challenge to executive action, the threshold question is whether the behavior of the government officer "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. at 847 n.8; see also Sanford v. Stiles, 456 F.3d 298, 305 (3d Cir. 2006).  The Supreme Court determined that, in the specific context of a high-speed police pursuit, only an "intent to harm" the plaintiff could shock the conscience.  See id. at 854 ("[W]e hold that

high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under Section 1983."); Sanford, 456 F.3d at 305.  Many courts subsequent to Lewis have held that "the state's mere negligence will not 'shock the conscience' for purposes of establishing a substantive due process claim."  Estate of Soberal v. City of Jersey City, No. 04-2788, 2006 U.S. Dist. LEXIS 50691 * 26 (D.N.J. July 24, 2006); see e.g., Lewis, 523 U.S. at 848-49 ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").[3]

Applying this standard to the facts of the case, the Lewis Court held that the fault claimed on the sheriff's deputy's part fails to meet the "shocks the conscience" test.  See Lewis, 523 U.S. at 854.  The Supreme Court held that even as alleged, the

---

[3] The Court notes that, following Lewis, the Third Circuit has "stated that in substantive due process cases, '[t]he exact degree of wrongfulness necessary to reach the conscience-shocking level depends upon the circumstances of a particular case.' " Sanford, 456 F.3d at 306 (quoting Miller v. City of Phila., 174 F.3d 368, 375 (3d Cir. 1999)).  Indeed, at times, a showing of an intent to cause harm is required but at other times, deliberate indifference may suffice to "shock the conscience" and that the degree of culpability is indirectly proportional to the time a defendant has to deliberate before making a decision or judgment call.  See Miller, 174 F.3d at 375; Ziccardi v. City of Phila., 288 F.3d 57, 58-59 (3d Cir. 2002); Nicini v. Morra, 212 F.3d 798, 800-01 (3d Cir. 2000)(*en banc*).

sheriff's deputy's culpability did not rise to the level of "shocks the conscience" holding that:

> [The sheriff's deputy] was faced with a course of lawless behavior for which the police were not to blame. They had done nothing to cause [the driver's] high-speed driving in the first place, nothing to excuse his flouting of the commonly understood law enforcement authority to control traffic, and nothing (beyond a refusal to call off the chase) to encourage him to race through traffic at breakneck speed forcing other drivers out of their travel lanes. [The driver's] outrageous behavior was practically instantaneous, and so was [the sheriff's deputy's] instinctive response. While prudence would have repressed the reaction, the officer's instinct was to do his job as a law enforcement officer, not to induce [the driver's] lawlessness, or to terrorize, cause harm, or kill. Prudence, that is, was subject to countervailing enforcement considerations, and while [the sheriff's deputy] exaggerated their demands, there is no reason to believe that they were tainted by an improper or malicious motive on his part.
>
> * * *
>
> Regardless whether Smith's behavior offended the reasonableness held up by tort law or the balance struck in law enforcement's own codes of sound practice, it does not shock the conscience, and petitioners are not called upon to answer for it under § 1983.

Id.

Based on the analysis utilized in Lewis, Plaintiff here has not alleged sufficient facts under Iqbal to make it plausible that the unnamed officers' actions in this matter "shocked the conscience."  In fact, Plaintiff alleges that the officers were "negligent."  Thus, any potential due process claims must be dismissed, without prejudice.

## **CONCLUSION**

For the reasons set forth above, the complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

However, a District Court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).  It may be true that any attempt to plead a lawful claim for violation of constitutional rights would be futile under the circumstances of Plaintiff's failed attempt to elude police in his collision with an innocent motorist's vehicle.  But the Court cannot absolutely rule out the possibility that Plaintiff may be able to assert facts in an amended complaint stating a cognizable claim under § 1983 against the City of Vineland and/or particular officers.  If he is able to promptly cure the deficiencies noted in this Opinion by preparing an Amended Complaint, he shall have one final opportunity to do so.  Thus, this Court will grant Plaintiff leave to file a motion to reopen and an amended complaint, stating a cognizable § 1983

claim with respect to the incident on March 30, 2010,[4] provided he does so within 45 days from the date the accompanying Order is entered.

An appropriate order accompanies this opinion.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

Dated: **February 28, 2011**

---

[4] If Plaintiff files an amended complaint, he should be aware that, to state a § 1983 claim against a municipality, the amended complaint "must identify a custom or policy, and specify what exactly that custom or policy was," McTernan v. City of York, PA, 564 F.3d 636, 658 (3d Cir. 2009), and specify facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation, Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 249 (3d Cir. 2007) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). To state a claim under § 1983 against an individual, "plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.  Moreover, if Plaintiff elects to file an amended complaint asserting a § 1983 claim, he should comply with the pleading requirements of Iqbal.  Thus, if Plaintiff chooses to again attempt to sue the City of Vineland, he must allege facts sufficient to show a custom or policy of that city of violating the constitutional right which he alleges was violated in his case.  It will be insufficient to merely hurl labels or slogans at the municipal defendant, or any other defendant, without specifying the facts that make his claims plausible.